**In re the Marriage of Denise Michelle WAREHAM, n/k/a Denise Michelle Montgomery, petitioner, Appellant,**

v.

**Robert David WAREHAM, Respondent.**

No. A10–726.

Court of Appeals of Minnesota.

Dec. 7, 2010.

Theresa M. Gerlach, Law Offices of Theresa Gerlach, PLLC, Hastings, MN, for appellant.

Robert D. Wareham, APO, AE, pro se respondent.

Considered and decided by LARKIN, Presiding Judge; PETERSON, Judge; and HUDSON, Judge.

## OPINION

HUDSON, Judge.

Appellant-mother challenges the order of the child-support magistrate (CSM), dismissing her motion for child-support modification on the ground that the Minnesota tribunal lacked continuing, exclusive jurisdiction to modify its prior support order because neither the parties nor the children for whose benefit the order was issued currently reside in this state. Because the parties have not filed written consents for another state to assume continuing, exclusive jurisdiction over the order, the Minnesota tribunal maintains continuing, exclusive jurisdiction to modify its order, and we reverse and remand for further proceedings.

## FACTS

The Goodhue County district court dissolved the marriage of appellant Denise Michelle Montgomery and respondent Robert David Wareham by judgment in 1998. At that time, appellant was employed part-time as a city clerk, and respondent was stationed overseas on active duty with the armed services of the United

States, with a residence in Washington state. The judgment awarded the parties joint legal custody of their three minor children, awarded appellant sole physical custody of the children, and directed respondent to pay appellant child support. After the judgment, appellant moved with the children to Kentucky but continued to receive non-public assistance child-support payments through Goodhue County under Title IV–D of the Social Security Act, 42 U.S.C. § 654(4) (2006).

In January 2010, appellant moved the Goodhue County district court to modify the existing child-support order, which applied to the parties' two then-minor children. Appellant argued that an increase in respondent's income and a decrease in appellant's income amounted to a substantial change in circumstances that made the existing support order unreasonable and unfair. At a hearing before a CSM, appellant appeared with counsel, and respondent appeared pro se by telephone from Germany, where he was stationed.

At the hearing, the CSM questioned whether the Minnesota district court retained subject-matter jurisdiction over the controversy because neither party, nor their joint children, currently reside in Minnesota. The CSM then issued her order, concluding that, under the Uniform Interstate Family Support Act (UIFSA), Minn.Stat. § 518C.205(a), Minnesota no longer has continuing, exclusive jurisdiction to modify the prior child-support order because neither of the parties, nor their joint children for whose benefit the order was imposed, reside in Minnesota. The CSM, therefore, ordered that the motion be dismissed. This appeal follows.

## ISSUE

Did the CSM err by determining that a Minnesota tribunal lacks continuing, exclusive jurisdiction to modify its child-support order, when both parties and the children who are the subject of the order are no longer Minnesota residents?

## ANALYSIS

■■■ Appellant challenges the CSM's order determining that the Minnesota tribunal lacks continuing, exclusive jurisdiction to modify its prior child-support order under Minn.Stat. § 518C.205(a). "Continuing, exclusive jurisdiction," in the context of the UIFSA, refers to subject-matter jurisdiction. *Porro v. Porro,* 675 N.W.2d 82, 86–87 (Minn.App.2004). The existence of subject-matter jurisdiction and a determination of the meaning of statutes addressing subject-matter jurisdiction present legal questions, which this court reviews de novo. *Kasdan v. Berney,* 587 N.W.2d 319, 321–22 (Minn.App.1999). Therefore, we review de novo whether the Minnesota tribunal retains continuing, exclusive jurisdiction to modify its prior child-support order. *See Brazinsky v. Brazinsky,* 610 N.W.2d 707, 710 (Minn. App.2000) (stating that appellate court applies the same standard of review to a CSM's decision as it would to a decision of the district court).

The UIFSA, which has been adopted by all 50 states, addresses "jurisdiction to modify and enforce child-support orders." *In re Welfare of S.R.S.,* 756 N.W.2d 123, 126 (Minn.App.2008), *review denied* (Minn. Dec. 16, 2008). The Minnesota legislature adopted the 1996 version of the UIFSA, which is now codified as Minn.Stat. §§ 518C.101–.902 (2008). Minn.Stat. § 518C.205(a) addresses whether a Minnesota tribunal retains continuing, exclusive jurisdiction over its previously issued child-support order, when no other state is involved. That section provides:

(a) A tribunal of this state issuing a support order consistent with the law of

this state has continuing, exclusive jurisdiction over a child support order:

(1) as long as this state remains the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued; or

(2) until all of the parties who are individuals have filed written consents with the tribunal of this state for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction.

Minn.Stat. § 518C.205(a).

The CSM concluded that, under Minn. Stat. § 518C.205(a)(1), the Minnesota tribunal lacked continuing, exclusive jurisdiction to modify the parties' support order because neither party nor the children for whose benefit the order was issued currently reside in Minnesota. Appellant argues, however, that because the parties have not yet filed written consents in Minnesota for a court of another state to modify the order and assume continuing, exclusive jurisdiction, Minn.Stat. § 518C.205(a)(2) applies separately to give Minnesota continuing, exclusive jurisdiction to modify the order.

To determine a statute's meaning, this court first looks to the statutory language. Minn.Stat. § 645.16 (2008). We adhere to a statute's plain and ordinary meaning, based on ordinary usage of words and grammatical rules, and we read relevant statutory sections together. Minn.Stat. § 645.08(1) (2008); *Occhino v. Grover*, 640 N.W.2d 357, 359 (Minn.App.2002), *review denied* (Minn. May 28, 2002). We will engage in further judicial construction only if a statute is ambiguous or reasonably susceptible to more than one interpretation. *Amaral v. St. Cloud Hosp.*, 598 N.W.2d 379, 384 (Minn.1999).

■ Here, the plain language of Minn.Stat. § 518C.205(a) provides that a Minnesota tribunal that has issued a child-support order retains continuing, exclusive jurisdiction over that order: "(1) as long as [Minnesota] remains the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued; *or* (2) until all of the parties who are individuals have filed written consents" in the Minnesota district court for a different state's tribunal to modify the order and assume continuing, exclusive jurisdiction. Minn.Stat. § 518C.205(a)(1), (2) (emphasis added). We normally read the word "or" as disjunctive, rather than conjunctive. *Goldman v. Greenwood*, 748 N.W.2d 279, 283 (Minn.2008) (citing *Amaral*, 598 N.W.2d at 385). Therefore, based on a plain-language reading of Minn.Stat. § 518C.205(a), we conclude that the statute sets forth two distinct circumstances under which a Minnesota tribunal retains continuing, exclusive jurisdiction over its previously issued child-support order: where at least one of the parties or the covered children remains a Minnesota resident (subsection (a)(1)), or where at least one of the parties has not filed a written consent for a different state's tribunal to assume continuing, exclusive jurisdiction (subsection (a)(2)).

■ Because neither the parties nor their children are currently Minnesota residents, subsection (1) does not apply. But the record contains no evidence that the parties have filed written consents with the Minnesota tribunal transferring continuing, exclusive jurisdiction over the child-support order to another state.[1] Therefore, because the parties have not filed such written consents, subsection (2) applies, and the Minnesota courts retain con-

---

1. Indeed, it is clear from the hearing transcript that both parties were prepared to proceed with the hearing before the Minnesota CSM.

tinuing, exclusive jurisdiction over the parties' previous Minnesota support order.[2]

We recognize that other states have interpreted section 205 of the 1996 version of the UIFSA to reach a contrary result. *See, e.g., Jurado v. Brashear*, 782 So.2d 575, 580 (La.2001) (stating that "the issuing court cannot *modify* a child support order after the obligor, obligee, and child all leave the state permanently"); *Gibson v. Gibson*, 211 S.W.3d 601, 606–09 (Ky. App.2006) (concluding that issuing court lacked continuing, exclusive jurisdiction to modify order when neither the parties nor the children still resided in issuing state, even though parties had not signed written consent for another state to assume continuing, exclusive jurisdiction). These cases rely, in part, on the official comment to section 205 of the 1996 version of the UIFSA, which states that if the parties and their child "have permanently left the issuing state, the issuing state no longer has an appropriate nexus with the parties or child to justify exercise of jurisdiction to modify." Unif. Interstate Family Support Act § 205 cmt., 9 U.L.A. Pt. IB 340 (1996). Under such circumstances, "the issuing tribunal has no current information about the factual circumstances of anyone involved, and the taxpayers of that state have no reason to expend public funds on the process." *Id.*

Likewise, we acknowledge the policy considerations expressed in the 1996 comment. *See* Minn.Stat. §§ 518C.901 (2008) (requiring Minnesota courts to construe Minnesota's version of UIFSA in a manner that will "effectuate its general purpose to make uniform the law with respect to the subject of this chapter among states enacting it"); 645.22 (2008) (stating that uniform laws are interpreted "to effect their general purpose to make uniform the laws of those states which enact them"). But the 1996 comment contradicts the plain language of Minn.Stat. § 518C.205(a). *See* Minn.Stat. § 645.16 (stating that when statutory language is free from ambiguity, this court is not free to disregard the letter of law under pretext of pursuing its spirit).

Further, even if we were to conclude that the statute is ambiguous, we would reach the same result. The later, 2001 version of the UIFSA changed section 205 to state that "even if [the issuing state] is not the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued," an issuing court may continue to exercise jurisdiction to modify its prior order "[if] the parties consent in a record or in open court that the tribunal of this [s]tate may continue to exercise jurisdiction to modify its order." Unif. Interstate Family Support Act § 205, 9 U.L.A. Pt. IB 192 (2001). The official comment to section 205 explains this change:

> From the beginning of the implementation of the [continuing, exclusive jurisdiction] principle, questions have been raised about why a tribunal may not modify its own order if the parties agree that it should do so even after both parties have left the state.... The possibility that under such circumstances the parties reasonably may prefer to

---

**2.** In support of her ruling, the CSM cited this court's opinion in *Porro v. Porro*, 675 N.W.2d 82 (Minn.App.2004), which concluded that a CSM lacked jurisdiction to modify a Massachusetts child-support order because the Minnesota statutory requirements for assuming jurisdiction over the order were not met. *Porro*, however, addressed the statutory requirements for modifying another state's support order and did not address the current issue: whether the Minnesota tribunal retains continuing, exclusive jurisdiction over its own prior order when both the parties and the children have left Minnesota. *See id.* at 86–87.

continue to deal with the issuing tribunal convinced the [d]rafting [c]ommittee to add this exception to the basic principle of the [continuing, exclusive jurisdiction] to modify.

Unif. Interstate Family Support Act § 205 cmt., 9 U.L.A. Pt. IB 194 (2001). Thus, the 1996 comment does not reflect the current version of section 205.[3] *Cf. Behr v. Am. Family Mut. Ins. Co.*, 638 N.W.2d 469, 478 (Minn.App.2002) (stating that amendment is presumed to effect change in law), *review denied* (Minn. Apr. 23, 2002).

Finally, we note that some of the policy considerations reflected in the 1996 comment are inapplicable here. The CSM acknowledged that Goodhue County maintains a pecuniary interest in the proceeding and an interest in the welfare of the children, due to the children's receipt of IV–D services through the county. *See* Minn.Stat. § 518A.49(b) (2008). Accordingly, it is reasonable in this situation for the Minnesota tribunal to maintain jurisdiction to modify the prior support order, and the CSM erred by concluding that the Minnesota tribunal lacked continuing, exclusive jurisdiction to do so.

## DECISION

The plain language of Minn.Stat. § 518C.205(a)(2) provides that an issuing Minnesota tribunal retains continuing, exclusive jurisdiction over its child-support order even if none of the parties or their children remain state residents unless all of the individual parties file consents for another state to assume jurisdiction. Because the individual parties have not all filed written consents for another state tribunal to assume continuing, exclusive jurisdiction to modify the prior Minnesota

support order, the Minnesota tribunal retains continuing, exclusive jurisdiction, and the CSM erred by dismissing appellant's motion to modify child support.

**Reversed and remanded.**

---

**3.** A 2008 version of UIFSA makes minor nonsubstantive changes to section 205 of the 2001 Act. *·See* Unif. Interstate Family Support Act § 205, 9 U.L.A. Pt. IB 89 (Supp. 2010).