Filed 4/24/14

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of GABRIELA and CHRISTOPHER HAUGH. | D063857 |
| GABRIELA CASTRO, | |
| Respondent, | (Super. Ct. No. D490082) |
| v. | |
| CHRISTOPHER HAUGH, | |
| Respondent; | |
| SAN DIEGO COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, | |
| Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Adam Wertheimer, Commissioner. Reversed and remanded with directions.

Kamala D. Harris, Attorney General, Julie Weng-Gutierrez, Assistant Attorney General, Linda M. Gonzalez and Marina L. Soto, Deputy Attorneys General, for Appellant.

No appearance for Respondents.

The San Diego County Department of Child Support Services (Department), as intervenor, appeals the trial court's order granting the request by Christopher Haugh (Father) for modification of a child support order. Father sought to lower child support for the son he had with Gabriela Haugh, now known as Gabriela Castro (Mother). On appeal, Department contends the trial court acted in excess of its jurisdiction because Father, Mother, and their son resided outside of California at the time of the modification request and therefore, pursuant to Family Code[1] section 4909, the court did not have continuing, exclusive jurisdiction to modify the original child support order. Section 4909 is California's enactment of section 205 of the Uniform Interstate Family Support Act (UIFSA). We conclude the trial court acted in excess of its authority and therefore reverse the order.

FACTUAL AND PROCEDURAL BACKGROUND

In 2008, the trial court ordered Father to pay Mother $700.00 per month in child support for their son. In 2007, Mother moved with their son from California to Texas. In or about 2011, Father moved from California to Nevada.

On January 14, 2013, Father filed a request to modify the amount of his child support payments based on his reduced income. Mother opposed his request for modification, arguing the matter should be heard in the state of their son's residence (i.e., Texas) because none of the parties lived in California.

---

[1]     All statutory references are to the Family Code unless otherwise specified.

2

At the hearing on Father's modification request, Father appeared telephonically and was represented by counsel, Mother appeared telephonically in propria persona, and Department appeared as an intervenor. Department's counsel stated the first issue for the court was whether the court had continuing, exclusive jurisdiction in the case. She argued that because Mother, Father, and their son no longer resided in California, the trial court did not have jurisdiction under section 4909, subdivision (a), to modify the original child support order. She suggested Father could have the original child support order registered in Texas and then seek its modification. However, the trial court, noting the original child support order was a California order, stated it "continues to have jurisdiction, until another state assumes jurisdiction. You don't leave a party without a forum." It further stated: "It's clear [that] California shouldn't continue to have it. But it does. That is -- [it] should be in someone else's jurisdiction. But someone needs to take that affirmative step, whether Mother, Father, or [Department]. [¶] I assume it's the Father, since he's the payor . . . ." The court then proceeded to hear arguments on the merits of Father's request for modification. Based on the evidence, the court issued an order (Order) modifying the original child support order, reducing Father's child support obligation to $508 per month, effective February 1, 2013. Department timely filed a notice of appeal challenging the Order.

DISCUSSION

I

*UIFSA and Section 4909*

This appeal involves the application of section 4909 (California's adoption of

§ 205 of the UIFSA) to the undisputed facts relevant to this appeal. We begin by

reviewing the relevant provisions of section 4909, the UIFSA, and applicable regulations.

"The Uniform Interstate Family Support Act (9 pt. [I]B West's U. Laws Ann. (1999) U.

Interstate Fam. Support Act, § 101 et seq. (UIFSA)), which has been adopted by all [50]

states, governs . . . the procedures for establishing, enforcing and modifying child support

orders in cases in which more than one state is involved. The 1996 version of the UIFSA

took effect in California on August 4, 1997. (See Fam. Code, § 4900 et seq.) Together

with the Federal Full Faith and Credit for Child Support Orders Act (FFCCSOA) (28

U.S.C. § 1738B), the UIFSA ensures that in every case only one state exercises

jurisdiction over child support at any given time." (*In re Marriage of Crosby & Grooms*

(2004) 116 Cal.App.4th 201, 206, fn. omitted.) [2]

---

[2]  California has also adopted the 2001 version of the UIFSA, but that version will not become operative until one of two events occurs: (1) the amendment by the United States Congress of title 42 United States Code section 666(f), to require or authorize, in connection with the approval of state plans for purposes of federal funding, the adoption of the 2001 version of the UIFSA; or (2) the approval, either generally or specifically regarding California, by the federal office of Child Support Enforcement or by the Secretary of Health and Human Services, of a waiver, exemption, finding, or other indicia of regulatory approval of the 2001 version of the UIFSA, in connection with the approval of state plans for purposes of federal funding. (Stats. 2002, ch. 349, § 47; see Historical and Statutory Notes, 29F pt. 2 West's Ann. Fam. Code (2013 ed.) preceding div. 9, pt. 5, ch. 6, at p. 6.) Based on Department's representations, we presume neither

The "cornerstone" of the UIFSA is the concept of "continuing, exclusive jurisdiction," codified in California as section 4909. (*Stone v. Davis* (2007) 148 Cal.App.4th 596, 600.) "UIFSA was designed to ensure that only one state at a time would have jurisdiction to make and modify a child support order. '[T]he central jurisdictional feature of UIFSA is the concept of continuing, exclusive jurisdiction. Under UIFSA, a court that makes a valid child support order retains exclusive jurisdiction to modify the order as long as the requirements for continuing, exclusive jurisdiction remain fulfilled. The court of another state may enforce a child support order registered in that state, but may not modify it unless the decree state has lost its continuing, exclusive jurisdiction.' " (*Knabe v. Brister*, *supra*, 154 Cal.App.4th at p. 1319.)

Regarding "continuing, exclusive jurisdiction," section 4909 provides in pertinent part:

> "(a) A tribunal of this state issuing a support order consistent with the law of this state has *continuing, exclusive jurisdiction* over a child support order:
>
> "(1) *As long as this state remains the residence of the obligor, the individual obligee, or the child* for whose benefit the support order is issued; *or*

---

of those events has yet to occur, thereby making the 1996 version of the UIFSA the operative version for purposes of this appeal. (See also *Knabe v. Brister* (2007) 154 Cal.App.4th 1316, 1319, fn. 2 ["California currently operates under the 1996 version of UIFSA . . . . [Citation.] California has adopted the 2001 version, but the Legislature conditioned its effectiveness on events that have yet to occur."].) In any event, to the extent the 2001 version of the UIFSA is operative, its provisions, including its drafters' comments, provide even greater support for our disposition of this appeal.

"(2) *Until all of the parties who are individuals have filed written consents* with the tribunal of this state *for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction.*

"(b) A tribunal of this state issuing a child support order consistent with the law of this state may not exercise its continuing jurisdiction to modify the order if the order has been modified by a tribunal of another state pursuant to this chapter or a law substantially similar to this chapter. . . ."  (Italics added.)

Section 4909 is California's adoption of section 205 of the UIFSA.  The drafter's

comment to the 1996 version of section 205 of the UIFSA states in pertinent part:

"This section is perhaps the most crucial provision in UIFSA. . . . [T]he issuing tribunal retains continuing, exclusive jurisdiction over a child support order, except in very narrowly defined circumstances.  *As long as one of the individual parties or the child continues to reside in the issuing state*, and as long as the parties do not agree to the contrary, *the issuing tribunal has continuing, exclusive jurisdiction over its order--which in practical terms means that it may modify its order. . . .*

"The other side of the coin follows logically.  Just as Subsection (a)(1) defines the retention of continuing, exclusive jurisdiction, *by clear implication the subsection also defines how jurisdiction to modify may be lost*.  That is, *if all the relevant persons--the obligor, the individual obligee, and the child--have permanently left the issuing state, the issuing state no longer has an appropriate nexus with the parties or child to justify exercise of jurisdiction to modify*.  Further, the issuing tribunal has no current information about the factual circumstances of anyone involved, and the taxpayers of that state have no reason to expend public funds on the process. . . .

"According to the logical implication of Subsection (a)(2), the issuing state may also lose its continuing, exclusive jurisdiction to modify if the parties consent in writing for another state to assume jurisdiction to modify (even though one of the parties or the child continues to reside in the issuing state). . . ."  (9 pt. IB West's U.

6

Laws. Ann., *supra*, U. Interstate Fam. Support Act, comment to § 205, pp. 340-341, italics added.)[3]

## II

### *Continuing, Exclusive Jurisdiction in This Case*

Department contends the trial court acted in excess of its jurisdiction by issuing the Order modifying the original 2008 child support order. It argues that because Father, Mother, and their son no longer resided in California at the time of Father's modification request and the court's issuance of the Order, the court did not have continuing, exclusive jurisdiction under section 4909 and therefore could not modify the original child support order. Father has not filed a respondent's brief opposing Department's position. We decide this appeal based on the appellant's opening brief, the record on appeal, and our independent research regarding applicable law.

Based on our review of section 4909, the UIFSA and comments thereto, other statutes and regulations, and relevant case law, we conclude the trial court acted in excess of its authority under section 4909 by modifying the original child support order. The court did not have continuing, exclusive jurisdiction to modify the original child support order after the individual parties and their child moved to other states and did not consent in writing to California's continuing jurisdiction or authority over the case.

Section 4909, subdivision (a), provides that a California court "has *continuing, exclusive jurisdiction* over a child support order: [¶] (1) *As long as this state remains the*

---

[3] All further references to section 205 of the UIFSA are to its 1996 version.

7

*residence of the obligor, the individual obligee, or the child* for whose benefit the support order is issued; *or* [¶] (2) *Until all of the parties who are individuals have filed written consents* with the tribunal of this state *for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction*." (§ 4909, subd. (a), italics added.)

The proper interpretation of section 4909 is a question of law, which we conduct de novo. (*Stone v. Davis*, *supra*, 148 Cal.App.4th at p. 600; *People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432.) The basic rules for statutory construction are established. " 'As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose.' [Citation.] 'We begin with the plain language of the statute, affording the words of the provision their ordinary and usual meaning and viewing them in their statutory context, because the language employed in the Legislature's enactment generally is the most reliable indicator of legislative intent.' [Citations.] The plain meaning controls if there is no ambiguity in the statutory language. [Citation.] If, however, 'the statutory language may reasonably be given more than one interpretation, " ' "courts may consider various extrinsic aids, including the purpose of the statute, the evils to be remedied, the legislative history, public policy, and the statutory scheme encompassing the statute." ' " ' " (*People v. Cornett* (2012) 53 Cal.4th 1261, 1265.)

Applying the above rules for statutory construction, we first look to the language of section 4909 to determine its meaning. Because section 4909 is written (as is § 205 of the UIFSA) using the disjunctive "or," there appear to be two alternative situations in

8

which a California court will no longer have continuing, exclusive jurisdiction to modify an original child support order. First, by negative implication, a California court will not have jurisdiction if all of the individual parties and the child reside in other states. (§ 4909, subd. (a)(1).) Second, the court will not have jurisdiction if at least one individual party or the child resides in California, but all of the individual parties (e.g., mother and father) file a written consent with the California court agreeing that a court of another state will have continuing, exclusive jurisdiction to modify the original child support order. (§ 4909, subd. (a)(2).) Based on our reading of section 4909, the above interpretation appears to be the most logical interpretation of its language. Nevertheless, to the extent that statutory language is ambiguous, we conclude the legislative intent underlying section 4909, including the intent that its provisions be consistent with the UIFSA and, presumably, with other states' interpretations, supports our interpretation that a California court does not have continuing, exclusive jurisdiction within the meaning of section 4909 if all the individual parties and the child reside in other states, and all of the individual parties have not consented in writing to a California court assuming continuing, exclusive jurisdiction. Because the record in this case does not show the existence of any written consent, we focus on the effect of the parties' not residing in California on a California court's continuing, exclusive jurisdiction to modify a child support order.

Section 4909 represents California's adoption of the 1996 version of section 205 of the UIFSA. The drafters' comment to that UIFSA section provides evidence of the

legislative intent underlying section 4909, stating: "[T]he issuing tribunal retains continuing, exclusive jurisdiction over a child support order, except in very narrowly defined circumstances. *As long as one of the individual parties or the child continues to reside in the issuing state*, and as long as the parties do not agree to the contrary, *the issuing tribunal has continuing, exclusive jurisdiction over its order--which in practical terms means that it may modify its order*." (9 pt. IB West's U. Laws. Ann., *supra*, U. Interstate Fam. Support Act, comment to § 205, p. 340, italics added.) It further states: "[B]y clear implication [subsection (a)(1)] also *defines how jurisdiction to modify may be lost. That is*, *if all the relevant persons--the obligor, the individual obligee, and the child--have permanently left the issuing state, the issuing state no longer has an appropriate nexus with the parties or child to justify exercise of jurisdiction to modify*." (9 pt. IB West's U. Laws. Ann., *supra*, U. Interstate Fam. Support Act, comment to § 205, p. 340, italics added.) The comment further notes: "[T]he issuing state may also lose its continuing, exclusive jurisdiction to modify if the parties consent in writing for another state to assume jurisdiction to modify (even though one of the parties or the child continues to reside in the issuing state). . . ." (9 pt. IB West's U. Laws. Ann., *supra*, U. Interstate Fam. Support Act, comment to § 205, p. 341.) Accordingly, the drafters of the UIFSA intended section 205 to provide that "continuing, exclusive jurisdiction" would necessarily be lost by the state issuing the original child support order when all of the relevant persons (i.e., obligor, obligee, and child) have moved out of the issuing state (e.g., California) and reside in other states.

Additional evidence of the UIFSA drafters' interpretation of "continuing, exclusive jurisdiction" is shown in their prefatory notes to the UIFSA:

> "Except for narrowly defined fact circumstances, under UIFSA the only tribunal that can modify a support order is the one having continuing, exclusive jurisdiction over the order. But, *if the parties no longer reside in the issuing state*, or if they agree in writing that another tribunal may assume modification jurisdiction, a tribunal with personal jurisdiction over the parties, has jurisdiction to modify [citations]. Except for modification by agreement or when the parties have all moved to the same new state, the party petitioning for modification must submit himself or herself to the forum state where the respondent resides." (9 pt. IB West's U. Laws. Ann., *supra*, U. Interstate Fam. Support Act, prefatory note, pt. IID2, pp. 288-289, italics added.)

We conclude the Legislature, by adopting the 1996 version of section 205 of the UIFSA, intended that section 4909's language would be interpreted in the same manner as the UIFSA drafters intended the language of section 205 of the UIFSA to be interpreted. Therefore, the UIFSA drafters' comments support our interpretation of section 4909.

The Federal Full Faith and Credit for Child Support Orders Act (FFCCSOA) (28 U.S.C., § 1738B) also supports our interpretation of section 4909 (as well as the drafters' interpretation of § 205 of the UIFSA). To provide for the recognition and enforcement of other states' child support orders, Congress enacted the FFCCSOA requiring that states give full faith and credit to those child support orders issued by state courts that had continuing, exclusive jurisdiction over child support at the time. (28 U.S.C. § 1738B(a), (f), & (g).) That law provides that a state court shall not modify a child support order made by a court of another state unless it complies with the law's requirements. (28

11

U.S.C. § 1738B(a).) It provides that a court may modify a child support order of another state's court if that court has jurisdiction pursuant to 28 U.S.C. § 1738B(i) and "the court of the *other State no longer has continuing, exclusive jurisdiction of the child support order because that State no longer is the child's State or the residence of any individual contestant*; or [¶] . . . each individual contestant has filed written consent with the State of continuing, exclusive jurisdiction for a court of another State to modify the order and assume continuing, exclusive jurisdiction over the order." (28 U.S.C. § 1738B(e), italics added.) That law further provides: "If there is no individual contestant or child residing in the issuing State, the party or support enforcement agency seeking to modify, or to modify and enforce, a child support order issued in another State shall register that order in a State with jurisdiction over the nonmovant for the purpose of modification." (28 U.S.C. § 1738B(i).) Those provisions of the FFCCSOA show Congress intended full faith and credit be given only to modifications of child support orders of state courts with continuing, exclusive jurisdiction over the case. Furthermore, Congress intended that a state court would not have such continuing, exclusive jurisdiction after the individual contestants and the child are no longer residents of that state. (28 U.S.C. § 1738B(e).) Therefore, the FFCCSOA supports our interpretation of "continuing, exclusive jurisdiction" as used in section 4909, subdivision (a).

The California Department of Social Services has adopted a regulation informing local child support agencies, the Department in this case, of its interpretation of "continuing, exclusive jurisdiction" under section 4909, stating:

12

"(a)  Except as specified in subsection (b), only the issuing state shall have continuing, exclusive jurisdiction to modify a support order.

"(b)  In determining whether it believes California or another state has continuing, exclusive jurisdiction to modify a support order, the local child support agency shall apply the following rules:

"(1)  Only one state shall have continuing, exclusive jurisdiction to modify a support order at any given time.

"(2)  *If the child, the obligee who is an individual, or the obligor resides in the state that issued the controlling order, that state has continuing, exclusive jurisdiction to modify*.

"(3)  *Once a state has continuing, exclusive jurisdiction, it shall retain jurisdiction as long as any one of the parties or children in the case still resides in the state*, unless the parties file a written consent in the issuing tribunal allowing another state, with personal jurisdiction over any of the parties, to assume continuing, exclusive jurisdiction to modify the order."  (Cal. Code Regs., tit. 22, § 117300, italics added.)

California's administrative regulations regarding section 4909 are consistent with the UIFSA drafters' interpretation of "continuing, exclusive jurisdiction" under section 205 of the UIFSA.  We give strong deference to that agency's interpretation of section 4909, as the agency primarily charged with overseeing child support issues.

Furthermore, as many courts have observed, almost every state court that has addressed the issue of "continuing, exclusive jurisdiction" under the UIFSA and/or its state's statutory version thereof has interpreted that phrase consistent with our interpretation of section 4909.  For example, in *Lunceford v. Lunceford* (Mo.App. 2006) 204 S.W.3d 699, the court stated:

13

"*Virtually every jurisdiction that has addressed this issue has concluded that the issuing tribunal loses subject matter jurisdiction when all of the parties to the child support action have moved outside the state.* See *Knowlton v. Knowlton*, 2005 OK CIV APP 22, 110 P.3d 578, 579 (Okla.Civ.App.2005); *In re Marriage of Metz*, 31 Kan.App.2d 623, 69 P.3d 1128, 1132 (Kan.Ct.App. 2003) (Kansas court no longer had continuing, exclusive jurisdiction to modify the child support order when mother, father, and children had moved from Kansas); *Cohen v. Powers*, 180 Ore.App. 409, 43 P.3d 1150, 1152 (Or.Ct.App. 2002) (Alabama court no longer had continuing, exclusive jurisdiction over support order under UIFSA because neither party resided in Alabama); *Jurado v. Brashear*, 782 So.2d 575, 580-81 (La. 2001) (Louisiana court lost continuing, exclusive jurisdiction to modify child support after the parties and children left the state); *Etter v. Etter*, 2001 OK CIV APP 18, 18 P.3d 1088, 1090 (Okla.Civ.App. 2001) (trial court did not have jurisdiction under UIFSA to modify child support after both parties had moved out of state); *LeTellier v. LeTellier*, 40 S.W.3d 490, 493-94 (Tenn. 2001) (UIFSA does not confer subject matter jurisdiction upon the Tennessee court to hear mother's petition to modify the District of Columbia's support order); *In re B.O.G.*, 48 S.W.3d 312, 318, (Tex.App. 2001) (Texas court no longer had jurisdiction to modify the support order under UIFSA because the parties no longer resided in Texas)." (*Lunceford v. Lunceford*, *supra*, at p. 704, italics added; see also *State ex rel. Brantingham v. Grate* (Mo.App. 2006) 205 S.W.3d 317, 321.)

Under Missouri's statutory version of the UIFSA, *Lunceford* concluded: "*Missouri loses its continuing, exclusive jurisdiction to modify a Missouri child support order when neither the obligor, obligee, nor child is a resident of Missouri.*" (*Lunceford*, *supra*, 204 S.W.3d at p. 705, italics added.) Nevertheless, an original Missouri child support order remains in effect for enforcement in that and other states until modified by another state with continuing, exclusive jurisdiction. (*Id*. at pp. 705, 707.) In the circumstances of that case, *Lunceford* held "the Missouri [trial] court did not have subject matter jurisdiction to hear Mother's petition to modify child support" (*id.* at p. 705) because at the time of her

14

petition Mother, Father, and, presumably, their child were all residents of other states (i.e., New Jersey and Tennessee). (*Id*. at p. 701.)

Other courts have reached similar conclusions, finding their state courts lost jurisdiction or authority to modify child support orders after the mother, father, and child moved from their states. (See, e.g., *Zaabel v. Konetski* (Ill. 2004) 807 N.E.2d 372, 376; *In re Marriage of Myers* (Kan.App. 2002) 56 P.3d 1286, 1291; *McHale v. McHale* (Ariz.App. 2005) 109 P.3d 89, 92-93; *Gibson v. Gibson* (Ky.App. 2006) 211 S.W.3d 601, 609 ["[F]or Kentucky to have continuing, exclusive jurisdiction over the child support order either [father, mother,] or the children would have had to remain as a resident of Kentucky."]; *Nordstrom v. Nordstrom* (Va.App. 2007) 649 S.E.2d 200, 204-205 [trial court did not have continuing, exclusive jurisdiction after obligor, obligee, and child moved out of state and erred by concluding it had continuing, nonexclusive jurisdiction to modify child support until another court assumed jurisdiction]; *Lattimore v. Lattimore* (Ala.App. 2008) 991 So.2d 239, 242-243; *Vaile v. Porsboll* (Nev. 2012) 268 P.3d 1272, 1275 ["if the parties and the children do not reside in the issuing state, the issuing state lacks authority to modify the support order"]; cf. *Groseth v. Groseth* (Neb. 1999) 600 N.W.2d 159, 166 ["there is no doubt the courts of Massachusetts lost continuing, exclusive jurisdiction to modify the child support provisions of the [Massachusetts] decree under the UIFSA once [father] moved to Texas and [mother] moved to Nebraska with the children"].)

15

In *Stone v. Davis*, the Third District Court of Appeal interpreted section 4909, stating: "The statutory language is unambiguous and clear.  A California court retains *continuing, exclusive jurisdiction* to modify a child support order it lawfully issued *so long as one of the parties to the order continues to reside in the state*, unless all of the parties to the order file with the California court a writing consenting to jurisdiction in another state, or another state court modified the order as allowed under the UIFSA." (*Stone v. Davis*, *supra*, 148 Cal.App.4th at p. 601, italics added.)  In *Stone*, the court concluded the California trial court retained continuing, exclusive jurisdiction to modify its original child support order because the father still resided in California and there was no written consent of all the parties to jurisdiction in another state.  (*Id*. at pp. 602-603; see also *Spicer v. Spicer* (La.Ct.App. 2011) 62 So.3d 798, 802 ["the Illinois court lacked subject matter jurisdiction to modify the child support order, because Louisiana retained the continuing, exclusive jurisdiction over the child support order under the UIFSA" because the father continued to reside in Louisiana].)  Although *Stone* is factually inapposite to this case, its reasoning is consistent with our interpretation of section 4909.

Our research located only one decision in another state that holds contrary to our interpretation of section 4909.  In *Wareham v. Wareham* (Minn.App. 2010) 791 N.W.2d 562, a Minnesota appellate court interpreted a Minnesota statute with language similar to our section 4909, subdivision (a), as giving its state court continuing, exclusive jurisdiction even though the parties and their children did not currently reside in Minnesota.  (*Id*. at p. 565-566.)  *Wareham* stated:

> "[B]ased on a plain-language reading of [the Minnesota statute], we conclude that the statute sets forth two distinct circumstances under which a Minnesota tribunal retains continuing, exclusive jurisdiction over its previously issued child-support order: where at least one of the parties or the covered children remains a Minnesota resident (subsection (a)(1)), or where at least one of the parties has not filed a written consent for a different state's tribunal to assume continuing, exclusive jurisdiction (subsection (a)(2))." (*Wareham*, *supra*, 791 N.W.2d at p. 565.)

The court found the first subsection did not apply because none of the parties or children resided in Minnesota. (*Ibid*.) However, it found the second subsection applied because there was no evidence the parties had filed any written consent with the Minnesota court transferring continuing, exclusive jurisdiction to another state. (*Id*. at pp. 565-566.) Therefore, *Wareham* concluded the Minnesota courts retained jurisdiction to modify its original child support order. (*Id*. at pp. 565-567.) However, we are unpersuaded by *Wareham*'s reasoning and reject its "plain-language" interpretation of continuing, exclusive jurisdiction under the UIFSA. Based on our review of section 4909, section 205 of the UIFSA and its drafters' comments, and overwhelming case law consistent with our interpretation, we believe *Wareham* stands alone as an exceptional viewpoint inconsistent with the underlying intent of the UIFSA (and FFCCSOA) that states have uniform laws regarding enforcement and modification of child support orders.

Although many cases from other states cited above appear to equate a court's continuing, exclusive jurisdiction under the UIFSA with its subject matter jurisdiction to modify a child support order, we believe, at least in California, a trial court may have subject matter jurisdiction to modify a child support order even though it does not have

17

continuing, exclusive jurisdiction under section 4909 (or § 205 of the UIFSA). As Department notes, trial courts have original jurisdiction over all causes not otherwise conferred by the California Constitution. (Cal. Const., art. VI, § 10.) Because the California Constitution does not confer original jurisdiction over child support proceedings to any other court, trial courts have original jurisdiction over those proceedings. Furthermore, section 200 provides: "The superior court has jurisdiction in proceedings under this [Family Code]." Section 2010 also provides that in a proceeding for dissolution of marriage, the court has jurisdiction to make orders regarding the support of children. We conclude the trial court in this case had original jurisdiction, or subject matter jurisdiction, over the type of case involved in this matter (i.e., modification of a child support order). However, the existence of subject matter jurisdiction does not mean the court had the power to act "in excess of its jurisdiction," or, more accurately, in excess of its *authority* under section 4909, by issuing its order modifying the original child support order. (See, generally, *Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 287-291; cf. *In re Marriage of Schneider & Almgren* (Wash. 2011) 268 P.3d 215, 218-219 [although Washington trial court had subject matter jurisdiction to entertain child support controversies, court's lack of "continuing, exclusive jurisdiction" under Washington statute deprived it of the authority to issue an order modifying a child support order].)

Based on the record on appeal in this case, we conclude the trial court did not have continuing, exclusive jurisdiction under section 4909 to modify the original child support

18

order.  Father, Mother, and their son all resided outside of California at the time of Father's request to modify the child support order.  Furthermore, there is no evidence showing Father or Mother filed a written consent in any court agreeing that the trial court would have continuing, exclusive jurisdiction over this matter.  Therefore, the trial court erred by acting in excess of its authority under section 4909 by issuing the Order modifying the original child support order.

DISPOSITION

The Order is reversed and the matter is remanded with directions that the trial court vacate the Order granting Father's request to modify the original child support order and issue a new order denying that request.


                                                                                    McDONALD, J.

WE CONCUR:


HUFFMAN, Acting P. J.


McINTYRE, J.