Filed 1/16/15  M.J. v. S.B. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| M. J.,<br><br>          Respondent,<br><br>          v.<br><br>S. B.,<br><br>          Respondent.<br>_____<br><br>SAN DIEGO COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES,<br><br>          Intervenor and Appellant. | D065319<br><br><br><br>(Super. Ct. No. D502970) |

APPEAL from an order of the Superior Court of San Diego County, Adam

Wertheimer, Commissioner.  Reversed; motion for judicial notice on appeal granted.

Kamala D. Harris, Attorney General, Julie Weng-Gutierrez, Linda M. Gonzalez

and Marina L. Soto, Deputy Attorneys General, for Intervenor and Appellant.

No appearance by Respondents.

The San Diego County Department of Child Support Services (Department), as intervenor, appeals the trial court's November 26, 2013 order that granted a motion for modification brought by respondent M.J. (Father), regarding a 2007 child support order made in San Diego County Superior Court. At the time of the modification hearing, neither Father, the child's mother S.B. (Mother) or the minor child, R.J., was still living in California. The Department's appeal contends the trial court acted in excess of its jurisdiction under Family Code[1] section 4909, because continuing, exclusive jurisdiction to modify the original child support order was lost when the parents and child left California and did not stipulate to such continuing jurisdiction, and therefore the modification request was not properly before the court. No respondents' briefs have been filed.

Similar to our conclusions in *In re Marriage of Haugh* (2014) 225 Cal.App.4th 963 (*Haugh*), which interpreted section 4909, California's enactment of section 205 of the Uniform Interstate Family Support Act (UIFSA)[2] on a similar fact pattern, we determine in this case that the trial court acted in excess of its authority. The order is reversed.

---

[1]     All statutory references are to the Family Code unless otherwise specified.

[2]     California adopted the 1996 version of the UIFSA, and our Family Code section 4909 is the UIFSA's section 205. (*Haugh, supra*, 225 Cal.App.4th 963, 968-969, fn. 2.)

# I

## *BACKGROUND; JUDICIAL NOTICE*

### A.  Parties and Original Order

At the unopposed request of the Department, we have augmented the record to include copies of the original support orders that were not provided in the clerk's transcript.  In 2007, Father filed an action to establish parental status under the Uniform Parentage Act (§ 7600 et seq.) for his daughter, R.J., who is now 11 years old.  R.J. and Mother were then residents of California, and Father lived in Arizona.  Originally, Father was ordered to pay child support for R.J. of $564 per month, plus $164 per month for childcare, and $150 per month toward child support arrearages of $2,184.

In November 2007, the parties entered into a written stipulation suspending the childcare order, reducing payment on the arrears to $36 monthly, and keeping in force the child support amount of $564 monthly.  The Department has been enforcing Father's child support obligation since 2007.  Thereafter, each parent and R.J. moved to New York.

On October 11, 2013, Father filed a request in San Diego County Superior Court to modify his child support obligation.  He started a new job in security and had varying rates of pay and hours.  He was paying child support for another child.  Father filed an income and expense (I&E) declaration, along with a copy of an employee master file check history report from his employer as proof of income.

Mother responded by filing her I&E declaration, and asking the trial court to require Father to provide official proof of income certified by his employer, as well as proof of payment of child support for his other child.

## B. Hearing and Ruling; Record

At the November 26, 2013 hearing on Father's motion for modification of child support, he appeared by telephone, in propria persona, and was placed under oath. Mother did not appear. The Department's attorney appeared as intervenor, and informed the trial court that none of the parties was still residing in California. Accordingly, the Department argued the trial court no longer had continuing, exclusive jurisdiction to modify the 2007 child support order, and raised objections to the court's proceeding with the modification hearing.

The trial court ruled that until another state had assumed jurisdiction, it retained jurisdiction to modify its own existing orders. It reviewed the parties' I&E declarations, and heard the views of Father and the Department on the modification request. Father testified that he had attempted to persuade the New York authorities to assert jurisdiction over child support issues, but they found nothing under his social security number and told him to go to California.

Based on the testimony and evidence presented, the trial court reduced Father's child support obligation to a guidelines calculation of $215 per month, commencing November 1, 2013. On January 22, 2014, the Department appealed the November 26, 2013 order.

4

Pending appeal, the Department filed a judicial notice motion, which was deferred to the merits panel of this reviewing court. (Evid. Code, § 459, subds. (a), (b).) The Department seeks to have notice taken of two statutes from New York's Family Court Act. (Evid. Code, § 452, subd. (a) [notice may be taken of state statutory law].) The Department supplied copies of New York Family Court Law section 580-609 (McKinney 2014), and New York Family Court Law section 580-602, subdivisions (a) and (c) (McKinney 2014). These sections set forth the New York procedures for a party or support enforcement agency to register a child support order issued in another state, pursuant to the UIFSA. (UIFSA 1996, §§ 602, subd. (c); 609.) Subsequently, the registering tribunal shall cause the order to be filed as a foreign judgment. (N. Y. Family Court Law, § 580-602, subd. (b).)

The Department's motion for judicial notice is granted. (Evid. Code, § 452, subd. (a).)

II

*RULES OF REVIEW; STATUTORY SCHEMES*

We first observe that this record presents all the facts relevant to the Department's claims as undisputed. We apply the provisions of section 4909 to those facts, resolving in a de novo review all the questions of law that have arisen. (*Stone v. Davis* (2007) 148 Cal.App.4th 596, 600; *People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432.) The basic rules for statutory construction first require attention to the plain meaning of the section, then recourse to legislative history, where necessary. (*Haugh, supra*, 225 Cal.App.4th at p. 971.)

5

In *Haugh* this court exhaustively analyzed this statutory scheme, noting that the UIFSA concept of "continuing, exclusive jurisdiction" is codified in California as section 4909.  (*Haugh*, *supra*, 225 Cal.App.4th at pp. 968-970; *Stone v. Davis*, *supra*, 148 Cal.App.4th 596, 600.)

> " 'UIFSA was designed to ensure that only one state at a time would have jurisdiction to make and modify a child support order.  "[T]he central jurisdictional feature of UIFSA is the concept of continuing, exclusive jurisdiction.  Under UIFSA, a court that makes a valid child support order retains exclusive jurisdiction to modify the order as long as the requirements for continuing, exclusive jurisdiction remain fulfilled.  The court of another state may enforce a child support order registered in that state, but may not modify it unless the decree state has lost its continuing, exclusive jurisdiction." ' " (*Haugh*, *supra*, 225 Cal.App.4th at p. 969.)

Section 4909 sets forth principles defining "continuing, exclusive jurisdiction" in pertinent part as follows:

> "(a)  A tribunal of this state issuing a support order consistent with the law of this state has *continuing, exclusive jurisdiction* over a child support order:
>
> "(1)  *As long as this state remains the residence of the obligor, the individual obligee, or the child* for whose benefit the support order is issued; *or*
>
> "(2)  *Until all of the parties who are individuals have filed written consents* with the tribunal of this state *for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction*.
>
> "(b)  A tribunal of this state issuing a child support order consistent with the law of this state may not exercise its continuing jurisdiction to modify the order if the order has been modified by a tribunal of another state pursuant to this chapter or a law substantially similar to this chapter."  (Italics added.)

6

In *Haugh, supra,* 225 Cal.App.4th at page 977, the facts similarly showed both parents and the child had left California, without any arrangements having been made for continuing, exclusive jurisdiction over child support. Based on our review of section 4909, the UIFSA and its commentary, other relevant statutes, regulations, and case law, we concluded that the trial court had acted in excess of its authority under section 4909 by modifying the original California child support order, since (1) the individual parties and their child had moved to other states and (2) the parties had not consented in writing "to California's continuing jurisdiction or authority over the case." (*Haugh*, *supra*, 225 Cal.App.4th at p. 971.)

We reached our conclusions in *Haugh*, *supra*, 225 Cal.App.4th at pages 971 to 977, by first noting that section 4909 is written (as is § 205 of the UIFSA) using the disjunctive "or." Therefore, "there appear to be two alternative situations in which a California court will no longer have continuing, exclusive jurisdiction to modify an original child support order. First, by negative implication, a California court will not have jurisdiction if all of the individual parties and the child reside in other states. (§ 4909, subd. (a)(1).) Second, the court will not have jurisdiction if at least one individual party or the child resides in California, but all of the individual parties (e.g., mother and father) file a written consent with the California court agreeing that a court of another state will have continuing, exclusive jurisdiction to modify the original child support order. (§ 4909, subd. (a)(2).)" (*Haugh, supra,* at p. 971; see *id.* at p. 973, citing 28 U.S.C. § 1738B [Full Faith and Credit for Child Support Orders Act]; see also

33A Cal.Jur.3d (2013) Family Law, § 1463, pp. 255-257 [out-of-state enforcement of support orders].)

In *Haugh*, *supra*, 225 Cal.App.4th at page 977, we drew a distinction between a California trial court's subject matter jurisdiction to modify a child support order, and its "continuing, exclusive jurisdiction under section 4909 (or § 205 of the UIFSA)." (*Haugh, supra,* at p. 977; §§ 200; 2010.) Thus "the existence of subject matter jurisdiction does not mean the court had the power to act 'in excess of its jurisdiction,' or, more accurately, in excess of its authority under section 4909, by issuing its Order modifying the original child support order." (*Haugh, supra*, at p. 977; italics omitted.)

Under the circumstances outlined in *Haugh*, we concluded that the trial court lacked continuing, exclusive jurisdiction under section 4909 to modify the original California child support order, because "Father, Mother, and their son all resided outside of California at the time of Father's request to modify the child support order. Furthermore, there is no evidence showing Father or Mother filed a written consent *in any court agreeing that the trial court would have continuing, exclusive jurisdiction over this matter*. Therefore, the trial court erred by acting in excess of its authority under section 4909 by issuing the Order modifying the original child support order." (*Haugh, supra,* 225 Cal.App.4th at p. 977; italics added.)

III

*CONTENTIONS OF THE DEPARTMENT; ANALYSIS*

It is not disputed that Father, Mother and R.J. were each living in New York at the time of the application for the modification order. Under the relevant authorities, we

8

conclude there was no basis set forth in the plain terms of section 4909, subdivision (a)(1) for the California court to assert continuing, exclusive jurisdiction over these child support issues. (*Haugh, supra,* 225 Cal.App.4th at pp. 971-977.) Nor does the legislative history of the section support the trial court's findings in this order. (*Ibid.*)

Moreover, the Department has correctly observed that the pleadings filed in the trial court by the parties were not sufficient to confer continuing, exclusive jurisdiction on the California trial court, through stipulation or written consent. (§ 4909, subd. (a)(2).) Although Father's request for modification affirmatively sought relief in California from the support order, and Mother responded here with her I&E declaration, neither of those filings was sufficient to allow the California trial court to retain continuing, exclusive jurisdiction to modify the child support order, on the basis of any written consent.

In its appeal, the Department raises the issue of whether certain language in *Haugh, supra,* 225 Cal.App.4th 963 is in need of "clarification" (referencing the lack of evidence there that anyone had filed a "*written consent in any court agreeing that the trial court would have continuing, exclusive jurisdiction over this matter*"; *id.* at p. 977). The Department argues that this language potentially raises confusion which might be addressed here, on whether parent-parties should stipulate under section 4909 *in California or elsewhere,* to enable continuing, exclusive jurisdiction over child support to be asserted *by either court.* However, neither the facts in *Haugh* nor in this case involved any sufficient written consent or stipulation within the meaning of section 4909, subdivision (a)(2). We must resolve each case on its own facts, and no proper opportunity is presented here for this court to weigh in on statutory interpretation

questions pertaining to continuing, exclusive jurisdiction through written consent. (§ 4909, subd. (a)(2).)

We are aware that Father told the trial court at the hearing that he sought to persuade the New York authorities to assert jurisdiction over these child support issues, but they told him they found nothing under his social security number and he should go to California. As shown in the judicially noticed materials supplied by the Department, New York has established procedures for a party or support enforcement agency to register and enforce as a judgment a child support order issued in another state. (N.Y. Family Court Law, §§ 580-602; 580-609; see § 4950 et seq. [California procedures for enforcement and modification of child support order after registration].) Father has not taken the opportunity to register the 2007 California orders in a state of current residence and thus to seek any appropriate modification of it, and he must be allowed to do so if desired.

On the undisputed record, and applying the appropriate analysis as set forth in *Haugh, supra*, 225 Cal.App.4th 963, we can only conclude that the California trial court has lost continuing, exclusive jurisdiction to modify Father's support obligation order.

DISPOSITION

The order is reversed and the matter is remanded with directions that the trial court vacate the modification order and issue a new order denying the request. Each party to bear its own costs of appeal.

HUFFMAN, Acting P. J.

WE CONCUR:

AARON, J.

IRION, J.

11