[No. B132850. Second Dist., Div. Four. May 11, 2000.]

In re the Marriage of D'ARCY J. and LOUIS V. NEWMAN.
D'ARCY J. NEWMAN, Appellant, v.
LOUIS V. NEWMAN, Respondent.

**COUNSEL**

Ramon C. Grolock for Appellant.

Lascher & Lascher and Denise A. Brogna for Respondent.

**OPINION**

**EPSTEIN, J.**—In this case we hold that Family Code section 4908 does not divest a California court from making a spousal or child support order, even though a marriage dissolution is pending or has been granted in another state and the California spouse has not challenged the jurisdiction of that state, so long as the out-of-state proceeding does not raise an issue concerning such support.[1]

### FACTUAL AND PROCEDURAL SUMMARY

The parties to this litigation are D'Arcy J. Newman (Wife) and Louis V. Newman (Husband). They were married in 1967 and lived together in California until their separation in 1986 or 1992 (depending on whose papers are credited; the difference is immaterial to issues on this appeal). There are

---

[1] All code citations are to the California Family Code unless another code is specified.

two children of the marriage, both of whom had reached adulthood by the time the proceedings discussed here were commenced. The children resided with Wife in California. Husband moved, eventually settling in the State of Georgia. He sent money to Wife for her support and for the support of their children, until he obtained a divorce in Georgia. He commenced dissolution proceedings there on October 6, 1998. His original pleading addressed the issue of spousal support, but that issue was not mentioned in his amended complaint for divorce, the charging pleading. The only relief sought or obtained by Husband in the Georgia proceedings was dissolution of the marriage.

Wife was served with the Georgia pleading, in California, on November 10, 1998. On November 17, 1998, a date within the time to file a responsive pleading in Georgia, Wife filed a petition in the Los Angeles Superior Court seeking dissolution of the marriage and spousal support. Husband was served with that pleading, in Georgia, on December 14, 1998. On January 5, 1999 he made a special appearance through counsel in the California proceeding seeking a stay or dismissal of Wife's action, and to quash Wife's petition. Husband received a final judgment of divorce in Georgia on January 22, 1999. Wife did not appear in the Georgia proceeding. The judgment in that proceeding dissolved the marriage and did not address spousal support, division of property, or any other issue. In April 1999, following oral and written argument, chiefly on the section 4908 issue, the California court granted Husband's motion to quash Wife's petition for dissolution of marriage and spousal support. Wife has appealed. We reverse.

## DISCUSSION

Section 4908 provides:

"(a) A tribunal of this state may exercise jurisdiction to establish a support order if the petition or comparable pleading is filed after a pleading is filed in another state only if all of the following circumstances exist:

"(1) The petition or comparable pleading in this state is filed before the expiration of the time allowed in the other state for filing a responsive pleading challenging the exercise of jurisdiction by the other state.

"(2) The contesting party timely challenges the exercise of jurisdiction in the other state.

"(3) If relevant, this state is the home state of the child.

"(b) A tribunal of this state may not exercise jurisdiction to establish a support order if the petition or comparable pleading is filed before a petition

or comparable pleading is filed in another state if all of the following circumstances exist:

"(1) The petition or comparable pleading in the other state is filed before the expiration of the time allowed in this state for filing a responsive pleading challenging the exercise of jurisdiction by this state.

"(2) The contesting party timely challenges the exercise of jurisdiction in this state.

"(3) If relevant, the other state is the home state of the child."

Section 4908 is a part of the Uniform Interstate Family Support Act (UIFSA). That statute was enacted in this state in 1997, and is based on a uniform law proposed by the National Conference of Commissioners on Uniform State Laws in 1996. (See 9 pt. IB West's U. Laws Ann. (1999) U. Interstate Family Support Act, p. 235.) UIFSA replaced the Uniform Reciprocal Enforcement of Support Act, and now governs child and spousal support orders in interstate cases. (*Id.*, Prefatory Note, p. 238; see former § 4800 et seq.) Section 4908 is taken from section 204 of UIFSA. (The language is almost identical. However, the California version adds the phrase "all of the following circumstances exist" after "only" in the initial sentence of subdivisions (a) and (b).) (§ 4908.)

■ Husband's argument in support of his motion to quash, and on this appeal, is that Wife failed to satisfy the requirements of section 4908, subdivision (a)(2) because, although she filed her California pleading within the requisite time, she did not challenge the jurisdiction of the Georgia court. The trial court granted the motion "Due to Petitioner's noncompliance with Family Code Section 4908."

It is, of course, quite true that Wife did not challenge the jurisdiction of the Georgia court; indeed, she made no appearance in that proceeding. The issue, one of statutory construction, concerns the meaning of the phrase "petition or comparable pleading," which appears in section 4908 and the uniform law. If this language is construed broadly to refer to any proceeding in another state through which spousal or child support could be sought, even though it is not, or, even more expansively, to any action for dissolution of the marriage res, Husband is correct and Wife is without a remedy in California.

A reading of the language in the context of the uniform law of which it is a part makes it clear that what is intended is far more circumscribed. The

statute—indeed, the entire uniform law—is aimed at support orders, and adjudications ancillary to such orders. Given that context, the "petition or comparable pleading" filed in the other state must be a proceeding for support, or at least a proceeding in which an adjudication of the support issue is sought.

This construction is supported by section 4908, subdivision (b) of the same section, which complements subdivision (a). Subdivision (a) *allows* a California court to proceed even though a petition or comparable pleading already had been filed in another state if the California proceeding is filed within the time to respond in the other state and the contesting party files a timely challenge to the exercise of jurisdiction by that state. Subdivision (b) *prohibits* California courts from exercising "jurisdiction to establish a support order" if a comparable pleading is filed before a "petition or comparable pleading" in another state if the pleading in the other state is filed within the time to respond to the California pleading and the contesting party challenges jurisdiction in this state.

Section 4908 deals with both child support and spousal support orders. The commissioners' comment about the child support aspect is instructive. The comment points out that the federal Parental Kidnapping Prevention Act (PKPA; 28 U.S.C. § 1738A) chooses the home state of the child to establish priority between tribunals in different states, and "[g]iven the preemptive nature of the PKPA, and the possibility that custody and support are both involved in the case, UIFSA opts for the federal method of resolving disputes between competing jurisdictional assertions by establishing a priority for the tribunal in the child's home state. If the child has no home state, 'first filing' controls." (9 pt. 1B West's U. Laws Ann., *supra*, UIFSA, com. to § 204, p. 283.) The "home state" is, generally, the state in which a child lived with a parent or person acting as a parent for at least six months immediately preceding the time the petition is filed. (§ 4901, subd. (d); 9 West's U. Laws Ann., *supra*, UIFSA, § 101, subd. (4), p. 256.) These provisions would make little sense if their application depended upon a challenge to the jurisdiction of the state in which dissolution proceedings are first commenced, even though no child support is sought in those proceedings. It would make even less sense to read the challenge to jurisdiction provision to apply to spousal support and not to child support when the language offers no such distinction. (See *State of South Dakota v. Brown* (1978) 20 Cal.3d 765, 771 [144 Cal.Rptr. 758, 576 P.2d 473] [uniform acts are construed to carry out object of uniformity]; *Smith v. Superior Court* (1977) 68 Cal.App.3d 457, 463 [137 Cal.Rptr. 348] [commissioners' notes entitled to substantial weight in construing uniform law]; *Merrill v. Department of Motor Vehicles* (1969) 71 Cal.2d 907, 918 [80 Cal.Rptr. 89, 458 P.2d 33] [statute construed with reference to entire statutory system of which it is a part]; *In re Morgan* (1966) 244 Cal.App.2d 903, 910 [53 Cal.Rptr. 642] [in

ascertaining legislative intent, court examines general tenor and scope of entire enactment, rather than exact phraseology in which intent is expressed].)

Husband argues that, notwithstanding the foregoing, Wife still had an obligation under the statute to make a timely challenge to the jurisdiction of the Georgia court, and he points to section 4909, subdivision (f) to support his contention.

Section 4909 addresses the continuing jurisdiction of a California court with respect to support orders. Subdivision (f) provides: "A tribunal of this state issuing a support order consistent with the law of this state has continuing, exclusive jurisdiction over a spousal support order throughout the existence of the support obligation. A tribunal of this state may not modify a spousal support order issued by a tribunal of another state having continuing, exclusive jurisdiction over that order under the law of that state." Husband's point, as we understand it, is that Wife could have sought a support order from the Georgia court but failed to do so.

The problem with this line of argument is that there simply was no basis for Wife to contest the jurisdiction of the Georgia court to do what it did: dissolve the marriage. Given the undisputed fact that Husband was a resident of that state when he filed his action there, a challenge to jurisdiction would have been frivolous and undoubtedly unsuccessful. We cannot strain the language of section 4908, subdivision (a)(2) to require such an idle (and probably costly) act. (See *Estate of Peterson* (1999) 72 Cal.App.4th 431, 437 [85 Cal.Rptr.2d 110] [statute will not be construed to achieve absurd results].) Section 4909 is simply irrelevant to this case because the Georgia court was not asked to and did not address the support issue. We find nothing to support Husband's implicit argument that Wife had to raise support in the Georgia proceedings, or forgo the right to raise it at all.

We conclude that a California court, which otherwise has jurisdiction over the issues and the parties, is not deprived of jurisdiction to award spousal support by the pendency of a proceeding in another state that does not address that issue. That is the situation presented in this case. The only other argument presented by Husband on this appeal is res judicata based on the Georgia decree. That decree is entitled to full faith and credit, and has res judicata effect, on the sole issue it determined: dissolution of the marriage. It does not, and does not purport to determine the issue of spousal support. The trial court erred in dismissing Wife's proceeding based on section 4908. It should now allow Husband to file a responsive pleading and should then proceed to the merits of the spousal support issue.

## DISPOSITION

The order is reversed. Wife shall have her costs on appeal.

Vogel (C. S.), P. J., and Hastings, J., concurred.

A petition for a rehearing was denied June 6, 2000, and respondent's petition for review by the Supreme Court was denied August 23, 2000.