[No. B214768. Second Dist., Div. Four. Dec. 2, 2009.]

In re the Marriage of ROBERT and TOMOKO RICHARDSON.
ROBERT RICHARDSON, Respondent, v.
TOMOKO RICHARDSON, Appellant.

## COUNSEL

Marshall Suzuki Law Group, Edward S. Miyauchi and Tokiko Yasuda for Appellant.

No appearance for Respondent.

## OPINION

**EPSTEIN, P. J.**—Appellant Tomoko Richardson appeals from the child support portion of a default judgment in a divorce proceeding initiated by respondent Robert Richardson. We hold that the trial court erred in concluding it lacked jurisdiction to award child support for the parties' minor child because the child's home state is Japan. We reverse the child support portion of the judgment and remand for further proceedings.

### FACTUAL AND PROCEDURAL SUMMARY[1]

Appellant and respondent married in 2003; judgment of the dissolution of their marriage was entered in 2009. The parties' child was born in 2005 and has resided with appellant in Japan since 2007. The trial court found it lacked jurisdiction to award custody or child support because the child's home state was Japan. Appellant timely appeals from the child support portion of the judgment, contending the trial court's jurisdictional determination was in error. She does not challenge the custody decision.

---

[1] Because respondent did not file a brief, we "decide the appeal on the record, the opening brief, and any oral argument by the appellant." (Cal. Rules of Court, rule 8.220(a)(2); see *Nakamura v. Parker* (2007) 156 Cal.App.4th 327, 333 [67 Cal.Rptr.3d 286].)

## DISCUSSION

■ Superior courts have exclusive jurisdiction over child support matters. (Fam. Code, §§ 200, 2010, subd. (c).)[2] In its order for child support the trial court found: "The [appellant] and the minor child have been residing in Tokyo Japan since 09/19/07, therefore the child's home state is Japan. California court [*sic*] has no jurisdiction over child support." In limited circumstances, the California versions of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) (§ 3400 et seq.) and the Uniform Interstate Family Support Act (UIFSA) (§ 4900 et seq.) bar California courts' jurisdiction over child custody and support matters when California is not a child's home state. Because none of those circumstances is present here, the trial court's exclusive jurisdiction to order support was unaffected by the child's home state.

## I

■ Pursuant to the UCCJEA, California courts have jurisdiction over child custody determinations only if the child's home state is California, or the child's home state does not have jurisdiction or declined jurisdiction in favor of California. (§ 3421.) A home state is a state "in which a child lived with a parent . . . for at least six consecutive months immediately before the commencement of a child custody proceeding." (§ 3402, subd. (g).) Foreign countries are treated as states for the purpose of determining jurisdiction. (§ 3405, subds. (a)–(c).)

Jurisdiction over support orders is not limited by the UCCJEA. A child custody determination does not include an "order relating to child support or other monetary obligation of an individual." (§ 3402, subd. (c).) California courts interpret the plain language of section 3402 to exclude support orders from the jurisdictional limitation on custody determinations, as do the courts of other states applying similar versions of the UCCJEA. (See, e.g., *In re Marriage of Sareen* (2007) 153 Cal.App.4th 371, 377 [62 Cal.Rptr.3d 687]; *In re Marriage of Torres* (1998) 62 Cal.App.4th 1367, 1381 [73 Cal.Rptr.2d 344]; accord, *Ex parte Carstens* (Ala. 1998) 728 So.2d 128, 133; *Ruth v. Ruth* (2004) 32 Kan.App.2d 416 [83 P.3d 1248, 1252]; *Olson v. Olson* (1985) 64 Md.App. 154 [494 A.2d 737, 744–745]; *In re Marriage of Medill* (2002) 179 Or.App. 630 [40 P.3d 1087, 1096].)

Applying the explicit terms of the UCCJEA, we hold that the trial court's jurisdiction to order support was not affected by that statute's limitations.

---

[2] All unspecified statutory references are to the Family Code.

## II

█ UIFSA restricts California courts' jurisdiction to order support if a comparable support petition or pleading is initiated in the child's home state. (§ 4908; see *In re Marriage of Newman* (2000) 80 Cal.App.4th 846, 850 [95 Cal.Rptr.2d 691].) The UIFSA uses the same definition of home state as the UCCJEA. (§ 4901, subd. (d).) Section 4901 defines "state" to include a foreign jurisdiction that has enacted a law with procedures similar to UIFSA. We need not analyze whether Japan is a "state" under section 4901 as there is nothing in the record indicating a Japanese support order was made. (Cf. *Willmer v. Willmer* (2006) 144 Cal.App.4th 951, 956 [51 Cal.Rptr.3d 10].) █ Because there was no out-of-state proceeding addressing the issue of support, UIFSA does not limit the trial court's child support jurisdiction.

## DISPOSITION

We reverse the child support portion of the judgment, and remand for further proceedings. In all other respects, the judgment is affirmed. Appellant to have her costs on appeal.

Manella, J., and Suzukawa, J., concurred.