Filed 3/16/15  Chico v. De Leon CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| JONES CHICO,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MELANIE DE LEON,<br><br>    Defendant and Appellant;<br><br>LOS ANGELES COUNTY CHILD SUPPORT SERVICES DEPARTMENT,<br><br>    Intervener and Respondent. | B252051<br><br>(Los Angeles County<br>Super. Ct. No. BL050266) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Scott M. Gordon, Judge.  Affirmed.

Bunagan, Marapao & Associates and Abe A. D. Marapao for Defendant and Appellant Melanie De Leon.

Law Offices of Randy W. Medina and Randy W. Medina for Plaintiff and Respondent Jones Chico.

Alexandra Bauer, Tammy Nakada, and Richard H. Kim for Intervener and Respondent Los Angeles County Child Support Services Department.

_____

Appellant Melanie De Leon appeals from the trial court's order denying her request to set aside all child support orders issued for the benefit of her two minor children in a California support proceeding. She argues that the trial court lacked subject matter jurisdiction over the action under the relevant provisions of the Uniform Interstate Family Support Act, Family Code section 4900 et seq. (UIFSA).[1] She also asserts that she was not properly served with a summons in the action because the pleadings filed by respondents Jones Chico and Los Angeles County Child Support Services Department (CSSD) failed to comply with the procedural requirements of the UIFSA. We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### I. The Parties

De Leon and Chico married in the Philippines in 1995. They resided in Ontario, Canada during their marriage and became Canadian citizens. They have two children—M.C. (born in 1996) and D.C. (born in 1997). In 2000, De Leon and Chico separated. In July 2002, De Leon moved to California and the children stayed with Chico in Canada. California has been De Leon's state of residence since July 2002.

### II. The Canadian Proceedings

On September 6, 2002, Chico filed an application for child custody and support in the Ontario Court of Justice ("Ontario Court") under Case No. D3089402. Although the application stated that a copy was served on Alexander Guarnes, De Leon's attorney, at his business address, Guarnes did not represent De Leon in the action, and denied that he was served with any court filings or documents on her behalf. On December 12, 2002, the Ontario Court issued an order awarding Chico sole custody of the children, but did not make any order concerning child support. On September 30, 2003, the Ontario Court issued a final order granting Chico's request to remove the children from Canada and

---

[1] Unless otherwise stated, all further statutory references are to the Family Code.

relocate with them to the Philippines. The Ontario Court again did not make any order regarding child support.[2]

On April 14, 2004, Chico filed a petition for divorce in the Ontario Court under Case No. 04FP295677. He did not include a request for child support in his petition. On August 19, 2005, the Ontario Court issued an order dissolving the parties' marriage. The dissolution order did not address child custody or support.

## III. The California Proceedings

On July 28, 2003, while Chico was still residing with the children in Canada, he executed a notarized document entitled "Support Application," in which he requested that De Leon be ordered to pay child support and provide health insurance coverage for both children. The application stated that it was "made pursuant to the Interjurisdictional Support Orders Act, 2002, Statutes of Ontario 2002, Chapter 13." It also attached a number of completed forms that set forth identification information for the parents and the children and supported Chico's request for child support.

On September 16, 2004, Chico's Support Application was filed in the Los Angeles County Superior Court ("Superior Court") under Case No. BL050266.[3] A "Notice to

---

[2] Each order issued by the Ontario Court in Case No. D3089402 stated that a copy of the order was to be served on De Leon by regular mail at her California address. De Leon acknowledged that she received a copy of the September 30, 2003 order allowing Chico to relocate with the children to the Philippines, but denied receiving a copy of the December 12, 2002 order granting him custody of the children. She also denied that she was served with a copy of any custody application filed by Chico in the Ontario Court.

[3] The conformed copy of the Support Application does not indicate who filed the document in the Superior Court, and whether it was initially filed in the Ontario Court or with a child support enforcement agency. However, the Superior Court case summary for Case No. BL050266 indicates that the document was filed in the Superior Court by the CSSD. Additionally, in ruling on De Leon's request to vacate all child support orders, the Superior Court made the following finding of fact about the origin of the California proceeding: "The court file in Los Angeles Superior Court, Case Number BL050266, contains a letter (or copy thereof) dated January 12, 2004, from the California Department of Child Support Services, California Central Registry (CCR), addressed to Family & Children's Services in Ontario Canada, re: Melanie Deleon and Jones Chico.

3

Child Support Services Department" also was filed in the Superior Court on that date. The notice, which was signed by a Superior Court clerk and addressed to the CSSD's Interstate Division, stated as follows: "Pursuant to Section 4831[4] of the Family Code you are hereby notified that papers on Reciprocal Support proceedings were received from Ontario, MIG and filed on September 16, 2004."

On December 7, 2004, the Superior Court issued a Citation and an Order Setting Case for Hearing, which ordered De Leon to appear before the court on January 24, 2005. Both documents referenced the "Uniform Reciprocal Enforcement of Support Act" in the caption of the document. The Citation directed De Leon to show cause "why an order should not be made and entered on the basis of the Petition on file, a copy of which is attached, directing that you pay such sum as the court may determine for the support of the minor children named in the Petition." De Leon was served with the Citation in December 2004, and thereafter retained an attorney to represent her. On January 24, 2005, De Leon and her attorney appeared in the Superior Court for the scheduled hearing.

_____

The letter states in part the following: 'The above referenced case was received by the California Central Registry (CCR) on 11/12/13. CCR staff have . . . reviewed the information and/or documentation package submitted and have . . . found it to be legally sufficient for processing in California. Accordingly, we have forwarded the entire package to Los Angeles County, California for further action. Please direct all further inquiries to . . . Interstate Coordinator[,] Department of Child Support Services[,] Los Angeles County.' A date stamp at the bottom of the letter indicates that it was received by the Child Support Services Department, Interstate Division, on January 30, 2004." A copy of this letter is not included in the appendix that De Leon submitted on appeal.

[4] Former section 4831, which was repealed in 1997, provided that "[a]fter the responding court receives copies of the complaint, certificate, and act from the initiating court, the clerk of the court shall docket the case and notify the prosecuting attorney of that action. Claims received by this state from an initiating agency shall be forwarded to the district attorney for preparation and filing of appropriate pleadings." (Former § 4831, subd. (a), enacted by Stats 1992, ch. 162, § 10, and repealed by Stats 1997, ch. 194, § 1.) There is no current Family Code provision at section 4831, but the duties of a responding court under the UIFSA are set out at section 4919.

On that date, an attorney with the CSSD personally served De Leon with a copy of a "Uniform Support Petition or a document substantially similar."

On February 8, 2006, following several continuances, the parties entered into a Stipulation and Order in which De Leon agreed to pay child support in the amount of $1,399 per month commencing March 1, 2006. The February 8, 2006 Stipulation and Order was filed with the Superior Court on that date. On May 4, 2007, following a hearing attended by De Leon, the Superior Court issued an order modifying her child support obligation to $1,122 per month commencing December 1, 2006. Five years later, on August 16, 2012, the parties entered into a new Stipulation and Order that further modified De Leon's child support obligation to $836 per month commencing April 1, 2012. De Leon also was ordered to pay child support arrears in the amount of $91,410 at that time. The August 16, 2012 Stipulation and Order was signed by the parties, including De Leon and her newly retained attorney, Abe Marapao, and was filed with the Superior Court on that date.

On April 16, 2013, De Leon filed a "Request for an Order to Vacate All Court Orders Re: Child Support" in Case No. BL050266. De Leon asserted that each child support order issued by the Superior Court, including its February 8, 2006, May 4, 2007, and August 16, 2012 orders, was void for lack of jurisdiction. She sought reimbursement of all amounts she had paid in child support, plus attorney's fees and costs. In their respective oppositions to De Leon's request, the CSSD and Chico argued that the Superior Court had jurisdiction to establish a child support order under the UIFSA, and that the court properly exercised its jurisdiction in this case.

On June 21, 2013, Superior Court Commissioner Anthony B. Drewry issued an eight-page "Findings of Facts and Recommended Order." Commissioner Drewry found that the Superior Court had properly acquired subject matter jurisdiction over the issue of child support under the UIFSA, and that De Leon's interpretation of certain provisions in the statute was unreasonable and inapplicable to the facts of this case. Commissioner Drewry recommended the Superior Court deny De Leon's request for an order vacating the child support orders and her request for attorney's fees. On July 11, 2013, De Leon

5

filed a written objection to Commissioner Drewry's recommended order under section 4251, subdivision (c).

On August 21, 2013, Superior Court Judge Scott M. Gordon held a hearing on De Leon's request. On October 9, 2013, Judge Gordon issued an order affirming and adopting Commissioner Drewry's findings and recommendations as the order of the Superior Court, and denying De Leon's request for attorney's fees. Judge Gordon also overruled De Leon's objections to Commissioner Drewry's recommended order and found that De Leon had forfeited her right to object by failing to comply with section 4251, subdivision (c). On October 18, 2013, De Leon filed a timely notice of appeal from the Superior Court's order.

## DISCUSSION

On appeal, De Leon challenges the jurisdiction of the Superior Court to establish and enforce its child support orders on two grounds. First, she contends that the Superior Court never acquired subject matter jurisdiction over the action because the requirements of the UIFSA were not satisfied. Second, she claims that she was never properly served with a summons in the action because the pleadings filed by Chico and/or the CSSD were procedurally defective.

## I.    Overview of the UIFSA

The UIFSA, "which has been adopted by all [50] states, governs … the procedures for establishing, enforcing and modifying child support orders in cases in which more than one state is involved. . . . Together with the Federal Full Faith and Credit for Child Support Orders Act (FFCCSOA) (28 U.S.C. § 1738B), the UIFSA ensures that in every case only one state exercises jurisdiction over child support at any given time." (*In re Marriage of Crosby & Grooms* (2004) 116 Cal.App.4th 201, 206; *Gonzalez v. Rebollo* (2014) 226 Cal.App.4th 969, 975 ["goal of the UIFSA is to ensure that "'only one valid support order may be effective at any one time" . . . even though the parties and their children may move from state to state'"].) The UIFSA replaced the Uniform Reciprocal Enforcement of Support Act (URESA) effective January 1, 1998 (Stats. 1997, ch. 194,

6

§§ 1, 2), and now governs the establishment, enforcement, and modification of child support orders in interstate cases. (*In re Marriage of Gerkin* (2008) 161 Cal.App.4th 604, 612; *In re Marriage of Newman* (2000) 80 Cal.App.4th 846, 849 (*Newman*).)

"The 'cornerstone' of the UIFSA is the concept of 'continuing, exclusive jurisdiction,' codified in California as section 4909. [Citation.]" (*In re Marriage of Haugh* (2014) 225 Cal.App.4th 963, 969.) Section 4909 provides, in relevant part, that the state that first issued a child support order has "continuing, exclusive jurisdiction" over the order "[a]s long as [the] state remains the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued." (§ 4909, subd. (a)(1).) The term "state" for purposes of the UIFSA includes "[a] foreign jurisdiction that has enacted a law or established procedures for issuance and enforcement of support orders which are substantially similar to the procedures under [the UIFSA], the Uniform Reciprocal Enforcement of Support Act, or the Revised Uniform Reciprocal Enforcement of Support Act." (§ 4901, subd. (s)(2).) Since 2002, the United States has recognized Ontario, Canada as a reciprocating jurisdiction for purposes of enforcing family support obligations. (See U.S. Dept. of State, Public Notice 8832, Notice of Declaration of Foreign Countries as Reciprocating Countries for the Enforcement of Family Support (Maintenance) Obligations, 79 Fed.Reg. 49368 (Aug. 20, 2014).) Whether California has continuing, exclusive jurisdiction over a child support order under the UIFSA is a question of law subject to de novo review. (*Stone v. Davis* (2007) 148 Cal.App.4th 596, 600; *In re Marriage of Crosby & Grooms*, *supra*, 116 Cal.App.4th at p. 206.)

## II.    Subject Matter Jurisdiction

De Leon argues that the Superior Court never acquired subject matter jurisdiction over this matter in accordance with the UIFSA. She specifically asserts that section 4908 precluded the Superior Court from exercising jurisdiction to establish a child support order because the Ontario Court had jurisdiction over the issue of child support at the time the California action was commenced. We conclude the Superior Court properly

7

acquired jurisdiction under the relevant provisions of the UIFSA, and section 4908 did not apply to the facts of this case.

The UIFSA sets forth the procedure for the establishment of a child support order in an interstate case. Section 4915 provides that "[a]n individual or a support enforcement agency may commence a proceeding authorized under [the UIFSA] by filing a petition in an initiating tribunal for forwarding to a responding tribunal or by filing a petition or a comparable pleading directly in a tribunal of another state which has or can obtain personal jurisdiction over the respondent." (§ 4915, subd. (c).)[5] Section 4919 states that "[w]hen a responding tribunal of this state receives a petition or comparable pleading from an initiating tribunal or directly pursuant to subdivision (c) of Section 4915, it shall cause the petition or pleading to be filed and notify the petitioner where and when it was filed." (§ 4919, subd. (a).) So long as it has jurisdiction consistent with the UIFSA, and to the extent otherwise authorized by law, the responding tribunal may "[i]ssue or enforce a support order." (§ 4919, subd. (b)(1).)

In this case, the Superior Court properly acquired jurisdiction to issue and enforce a child support order. In accordance with section 4915, a California support proceeding was commenced on September 16, 2004, when Chico's Support Application was filed in the Superior Court. The Superior Court in turn acted as an authorized "responding tribunal" pursuant to section 4919 when it received the Support Application as a "petition or comparable pleading" for child support, and accepted the pleading for filing. At the time the Superior Court issued its original child support order on February 8, 2006, no other state or foreign jurisdiction had issued a support order for De Leon and Chico's minor children. California therefore had continuing, exclusive jurisdiction to establish, enforce, and modify the child support order consistent with the UIFSA.

---

[5] Under the UIFSA, an "initiating tribunal" is the state court from which a support proceeding is forwarded, or in which a support proceeding is filed for forwarding, to another state court. (§ 4901, subds. (g), (h).) A "responding tribunal" is the state court in which a support proceeding is filed or to which a support proceeding has been forwarded for filing from an initiating court. (§ 4901, subds. (p), (q).)

De Leon contends that the requirements of section 4915 were not satisfied because there is no indication that the Ontario Court forwarded Chico's Support Application to the Superior Court for filing in California. However, under section 4915, the California proceeding could have been commenced either by filing the pleading in the Ontario Court for forwarding to the Superior Court, or by filing the pleading directly in the Superior Court. While the record on appeal does not affirmatively show which method of filing was used, Chico was not required to initiate a Canadian support proceeding in order to seek relief in a California court.[6] De Leon also claims the Support Application failed to comply with section 4915 because it was not a "petition" filed on an approved Judicial Council of California form. However, the Support Application constituted a "comparable pleading" under section 4915 because it substantially complied with the required contents of a UIFSA petition, as set forth in section 4925.[7] De Leon has failed to show how any purported differences in the form used deprived the Superior Court of subject matter

[6] In his respondent's brief, Chico states that he "applied to the Ontario Court for a child support order" by filing his Support Application, and that the California support proceeding "was filed at the request of the Ontario Court." In its respondent's brief, the CSSD states that the California action was commenced when it received documentation regarding Chico's request from a Canadian support enforcement agency, and then caused Chico's Support Application to be filed in the Superior Court. While De Leon asserts that these statements by Chico and the CSSD are not consistent, section 4915 expressly allows for either method of filing to initiate a child support proceeding. The specific method used is this case is not relevant to whether the Superior Court had subject matter jurisdiction to order De Leon to pay child support.

[7] Section 4925 states as follows: "(a) A petitioner seeking to establish or modify a support order . . . in a proceeding under this chapter shall verify the petition. Unless otherwise ordered . . ., the petition or accompanying documents shall provide, so far as known, the name, residential address, and social security numbers of the obligor and the obligee, and the name, sex, residential address, social security number, and date of birth of each child for whom support is sought. The petition shall be accompanied by a certified copy of any support order in effect. The petition may include any other information that may assist in locating or identifying the respondent. [¶] (b) The petition shall specify the relief sought. The petition and accompanying documents shall conform substantially with the requirements imposed by the forms mandated by federal law for use in cases filed by a support enforcement agency." (§ 4925.)

9

jurisdiction. Moreover, contrary to De Leon's claim, neither the CSSD nor Chico was required to attach a copy of a Canadian child support order to the Support Application where no such order was in effect. Indeed, California was able to acquire jurisdiction under the UIFSA precisely because no out-of-state child support order had been issued.

De Leon further asserts that the Superior Court lacked subject matter jurisdiction because the requirements of section 4908 were not met. However, her reliance on this statute is misplaced. Section 4908 addresses the jurisdiction of a California court to establish a child support order when a petition or comparable pleading for child support has been filed both in California and in another state. Subdivision (a) of the statute provides that, when a pleading to establish a support order is filed first in the other state, California may exercise jurisdiction over the matter only if (1) the California pleading is filed before the expiration of the time allowed in the other state to file a responsive pleading, (2) the contesting party timely challenges the other state's exercise of jurisdiction, and (3) California is the child's home state. (§ 4908, subd. (a).) Conversely, subdivision (b) of the statute states that, even if a pleading to establish a support order is filed first in this state, California may not exercise jurisdiction over the matter if (1) the out-of-state pleading is filed before the expiration of the time allowed in California to file a responsive pleading, (2) the contesting party timely challenges California's exercise of jurisdiction, and (3) the other state is the child's home state. (§ 4908, subd. (b).)

Section 4908 only applies, however, if the issue of child support is pending in the out-of-state proceeding. The statute has no effect on the jurisdiction of a California court to establish a child support order where the out-of-state proceeding does not address the issue of child support. (*Newman*, *supra*, Cal.App.4th at pp. 849-851; *In re Marriage of Richardson* (2009) 179 Cal.App.4th 1240, 1244.) In *Newman*, for instance, a husband and wife filed separate actions for dissolution of their marriage. The husband filed an action in Georgia in which the only relief sought was a judgment of dissolution. The wife thereafter filed an action in California in which she sought both dissolution of the marriage and spousal support. The wife did not appear in the Georgia action and the husband obtained a judgment of dissolution from the Georgia court. The husband then

10

successfully moved to quash the California action under section 4908 on the ground that the Georgia action was filed first and the wife did not timely challenge the jurisdiction of the Georgia court. (*In re Marriage of Newman*, *supra*, at p. 848.) The Court of Appeal held that section 4908 did not apply because an out-of-state proceeding which divests a California court of jurisdiction under the statute "must be a proceeding for support, or at least a proceeding in which an adjudication of the support issue is sought." (*Id.* at p. 850.) Thus, "a California court, which otherwise has jurisdiction over the issues and the parties, is not deprived of jurisdiction to award spousal support by the pendency of a proceeding in another state that does not address that issue." (*Id.* at p. 851.) Because the Georgia action solely dissolved the marriage and did not raise any issue regarding spousal or child support, section 4908 did not preclude the California court from exercising its jurisdiction to establish a support order. (*Ibid.*; see also *In re Marriage of Richardson*, *supra*, at p. 1244 [section 4908 did not limit California court's jurisdiction to award child support in California dissolution action for child living in Japan because "there was no out-of-state proceeding addressing the issue of support"].)

In this case, the record on appeal does not support a finding that there was any petition or comparable pleading for child support pending before the Ontario Court when Chico's Support Application was filed in the Superior Court on September 16, 2004. De Leon argues that there was a Canadian support proceeding pending as of that date because Chico had filed an application for both child custody and support in the Ontario Court on September 6, 2002. However, the only orders made by the Ontario Court in that earlier proceeding concerned child custody, and there is no indication in the record that the issue of child support was ever considered by the court. Instead, the record shows that the Ontario Court last issued an order in that case on September 30, 2003, a year before the California action was filed, and that it allowed Chico to relocate with the children to the Philippines without reserving jurisdiction over any issues. Additionally, although there was a separate divorce proceeding pending before the Ontario Court as of September 16, 2004, Chico did not request any child support in his

11

divorce petition, and the Ontario Court did not make any provision for child support in its subsequent dissolution order.

De Leon also claims that Chico filed another request for child support with the Ontario Court, thereby triggering its exclusive jurisdiction under the UIFSA, when he executed his Support Application on July 28, 2003. As discussed, the record does not affirmatively demonstrate whether Chico initially submitted his Support Application to the Ontario Court for forwarding to the Superior Court, or whether Chico or the CSSD filed the document directly with the Superior Court. Even assuming that Chico initially filed the Support Application in the Ontario Court, the document clearly states that the request for child support was being "made pursuant to the Interjurisdictional Support Orders Act, 2002, Statutes of Ontario 2002, Chapter 13." There is nothing in the record to suggest that the Ontario Court assumed jurisdiction over Chico's request, or took any action in response to his Support Application, other than possibly forwarding it to the Superior Court for filing as a California action under the UIFSA. Because De Leon has failed to show that there were any child support issues pending before the Ontario Court when the California proceeding was commenced, section 4908 did not divest the Superior Court of subject matter jurisdiction to establish and enforce an order for child support.

## III.    Service of Process

De Leon also challenges the jurisdiction of the Superior Court on the ground that she was not properly served with a summons in the California support proceeding. In particular, she contends that service in the California proceeding was invalid because she was not provided with notice of the prior Canadian proceeding concerning child custody. She also claims that the Citation served in the California proceeding was defective because it was based on pleadings that did not comply with the UIFSA. We conclude the Superior Court properly asserted personal jurisdiction over De Leon in this case.

Section 5000 sets forth the procedure for compelling a responding party's appearance at a child support proceeding commenced under the UIFSA. It provides, in relevant part, that "[w]hen a petition or comparable pleading pursuant to [the UIFSA]

12

is filed in a court of this state, the local child support agency or petitioner may either (1) request the issuance of a summons or (2) request the court to issue an order requiring the respondent to appear personally at a specified time and place to show cause why an order should not be issued as prayed in the petition or comparable pleading on file." (§ 5000, subd. (a).) At all relevant times, De Leon's place of domicile was in California. At the request of the CSSD, the Superior Court issued a Citation and an Order Setting Case for Hearing, which required De Leon to appear at a January 24, 2005 hearing to show cause why an order for child support should not be made on the basis of the petition on file with the Superior Court. The CSSD served De Leon with the Citation in December 2004, and personally served her with a copy of a petition or comparable pleading when she appeared at the hearing.[8] At De Leon's request, the Superior Court continued the matter to May 31, 2005, and thereafter granted additional continuances. On February 8, 2006, De Leon entered into a Stipulation and Order filed with the Superior Court in which she agreed to pay child support for her two children.

De Leon argues that the child support orders issued by the Superior Court must be vacated because they were based on a Canadian child custody order that was made without proper notice to her. She specifically asserts that she was never served with notice of the Canadian custody proceeding, and thus, she did not have an opportunity to object to the Ontario Court's orders awarding Chico custody of the children and allowing him to relocate with them to the Philippines. However, the California support proceeding was not an action to enforce the prior child custody order issued by the Ontario Court. Rather, it was an action authorized by the UIFSA to establish a child support order where

---

[8]    In her appellate brief, De Leon states that Chico never served her with the Support Application. While Chico may not have served De Leon, the CSSD asserted in a sworn declaration that it served her with a copy of a UIFSA petition or "substantially similar" document at the January 24, 2005 hearing. In her request to vacate the child support orders, De Leon argued to the Superior Court that the Support Application was not a valid UIFSA petition, but did not dispute that she received a copy of the document from the CSSD.

13

no other domestic or foreign tribunal had exercised jurisdiction over the issue of child support for De Leon and Chico's children. Accordingly, whether De Leon was served with proper notice in the Canadian custody proceeding is not relevant to whether she was subject to the personal jurisdiction of the Superior Court in the California proceeding.

De Leon also contends that she was not properly served with a summons in the California proceeding because the Citation issued by the Superior Court was procedurally defective. She points out that both the Citation and the Order Setting Case for Hearing incorrectly cited to the URESA, which was repealed in 1997 and replaced by the UIFSA. However, the record reflects that the Superior Court complied with the notice provisions of the UIFSA in issuing the Citation and Order Setting Case for Hearing, and that the reference to the URESA in the caption of each document was merely a clerical error that did not result in defective service. We likewise find no merit in De Leon's claim that the service of process was invalid because the Citation was based on a "petition" never filed with the Superior Court. As discussed above, sections 4915 and 4919 allow for the filing of "a petition or a comparable pleading" to commence a child support proceeding under the UIFSA, and Chico's Support Application substantially complied with the statutory requirements for a UIFSA petition under section 4925. Any purported failure to attach a copy of a Canadian child support order to the Support Application did not render service ineffective where no such order was ever issued.

Finally, even assuming there were any defects in service of process, De Leon submitted to the personal jurisdiction of the Superior Court by making a general appearance in the case. "A general appearance by a party is equivalent to personal service of summons on such party." (Code Civ. Proc., § 410.50, subd. (a).) Thus, "defective service is not fatal to personal jurisdiction if the defendant consents to jurisdiction over him or her by making a general appearance in the action. [Citations.]" (*In re Vanessa Q.* (2010) 187 Cal.App.4th 128, 135; see also *Fireman's Fund Ins. Co. v. Sparks Construction, Inc.* (2004) 114 Cal.App.4th 1135, 1145 ["'general appearance operates as a consent to jurisdiction of the person, dispensing with the requirement of service of process, and curing defects in service'"].) In this case, De Leon made a

general appearance in the California support proceeding when she appeared with her attorney at the January 24, 2005 order to show cause hearing and requested a continuance of the action. (*In re Vanessa Q.*, *supra*, at p. 135 [attorney's request for continuance on defendant's behalf without challenging personal jurisdiction constituted general appearance].) After making additional appearances in the action, De Leon ultimately entered into the February 2006 Stipulation and Order to pay child support, and did not raise any challenge to the Superior Court's jurisdiction until she filed her request to vacate all support orders in April 2013.

Based on this record, the Superior Court properly exercised both subject matter jurisdiction and personal jurisdiction in accordance with the UIFSA when it ordered De Leon to pay child support. The court therefore did not err in denying De Leon's request for an order vacating all child support orders issued in the California support proceeding.

## DISPOSITION

The judgment is affirmed. Chico shall recover his costs on appeal.


ZELON, J.


We concur:



PERLUSS, P. J.




FEUER, J.[*]

---

[*]      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.